IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL E. JONES, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:05-cv-622-MJR |
| SHELL OIL COMPANY, et al., | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the Motion to Intervene filed by a third party, Liquid Transportation Corporation, on December 14, 2005 (Doc. 39). For the reasons set forth below the motion is **DENIED WITHOUT PREJUDICE.**

**BACKGROUND**

The proposed intervener, Liquid Transport Corporation, asserts that it is the employer of the Plaintiff, Michael E. Jones, and that it has an interest in this case: having paid the Plaintiff's workers' compensation claim, it asserts a lien on any recovery that Jones may acquire in this lawsuit. On October 7, 2005, the intervener filed its first motion to intervene. The motion outlined Liquid Transportation's relationship with Jones, the fact of a workers' compensation claim, and the fact of a lien upon Jones' future recovery. The motion itself makes no mention of Federal Rule of Civil Procedure 24 and refers briefly to section 5(b) of Illinois' Workers' Compensation Statute. 820 ILL. COMP. STAT. 305/5(b).[1] On December 12, 2005, this Court

---

[1] This code section was amended by the Illinois Legislature by Public Act 89-7, the Civil Justice Reform Amendments of 1995. Those amendments were held unconstitutional by the Illinois Supreme Court in <u>Best v. Taylor Machine Works</u>, 689 N.E.2d 1057 (Ill. 1997). The unconstitutional amendments, however, did not effect the sections relied on by the intervener and this code section, minus the amendments, has continuing validity.

denied, without prejudice, the motion as the intervener had not supplied the required pleading listed in Rule 24(c). This is the intervener's second attempt to comply with the Rules.

### DISCUSSION

Rule 24 anticipates two methods of intervention: as of right and permissive. As the intervener makes no mention of Rule 24, this Court can only assume that it seeks intervention pursuant to Rule 24(a)(2), as of right. This section provides for intervention:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The intervener has the burden of showing that its motion is timely, that it has an interest in the subject mater of the action, that disposition without its participation would impair its interests, and that its interests are not adequately protected by the Plaintiff. United States v. BDO Seidman, 337 F.3d 802, 808 (7th Cir. 2003); See also Heartwood, Inc. v. United States Forest Service, Inc., 316 F.3d 694, 700 (7th Cir. 2003); Reid L. v. Illinois State Board of Education, 289 F.3d 1009, 1017 (7th Cir. 2002).

In this second motion to intervene, which contains only one paragraph, the intervener asserts that it has a "right under the Illinois Workers' Compensation Act, 820 ILCS 305/5(b) to join in any suit against a third party liable for the employee's injuries and damages" (Doc. 39). The intervener also e-mailed to chambers a proposed "pleading," presumably to comply with Rule 24(c), which was just a recitation of the original motion to intervene (Doc. 24),[2] and a

---

[2] Rule 24(c) requires a "pleading setting forth the claim or defense for which intervention is sought." The document submitted by the intervener sets forth the claim, a lien on the

proposed order. Notwithstanding the intervener's assumption that Illinois law conveys a "right" to intervene in this lawsuit, the intervener's ability to intervene in this federal lawsuit is nonetheless governed by Rule 24. See Williams v. Katz, 23 F.3d 190, 192 (7th Cir. 1994). In Williams, the proposed intervener, United Airlines, sought to intervene as of right. The Court of Appeals stated that:

> The plaintiffs may be adequate representatives of United Airlines in this case, in which event as we have just noted Rule 24(a) would not apply even though United had a lien. This is so even though the Illinois workers' compensation statute expressly entitles the employer to intervene to protect his lien. That right, as opposed to the lien itself, is a purely procedural right and even in a diversity suit it is the Federal Rules of Civil Procedure rather than state law that dictate the procedures, including who may intervene, to be followed.
>
> Id. at 192 (citations omitted).[3]

Thus, even though the Illinois Worker's Compensation Statute states that an "employer may, at any time thereafter join in the action upon his motion . . . ," the intervener is still required to address the four factors listed above.

The intervener has failed to do this. While the intervener may have filed a timely application and also may have an interest in the Plaintiff's recovery, there has been no showing that its rights will be impaired by disposition of this matter or that the Plaintiff is not adequately representing its interests. Vollmer v. Publishers Clearing House, 248 F.3d 698, 706 (7th Cir.

---

Plaintiff's recovery. However, the pleading submitted by the intervener does not comply with Rule 8(a). There is no statement of jurisdiction (jurisdiction in this case is dependent on diversity) and no particular claim for relief (other than an order granting intervention). Again, the proposed pleading is an exact copy of the original motion to intervene.

[3] The Court cites to this case only to illustrate this limited point. The facts and circumstances, and ultimate outcome, of the case are wholly different from the case at bar.

2001) (stating that the intervener "is required to prove each of these four elements; the lack of one element requires that the motion to intervene be denied").  The intervener does not mention these requirements and has not addressed them in either the motion or the documents e-mailed to chambers.  The intervener already has been given one opportunity to correct its original motion and has also been referred to the applicable Federal Rule.  If the intervener wishes to re-file this motion, the Court expects the intervener to comply with the dictates of Rule 24 and Seventh Circuit case law.  Failure to do so will result in a denial with prejudice.

### CONCLUSION

For the foregoing reasons, Motion to Intervene filed by a third party, Liquid Transportation Corporation, on December 14, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 39).


**DATED: January 11, 2006**

> s/ Donald G. Wilkerson
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**