IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:05-cv-622-MJR |
| | ) |
| SHELL OIL COMPANY, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion to Amend Scheduling and Discovery Order filed by the Plaintiff, Michael Jones, on March 31, 2006 (Doc. 58), the Motion for Leave to File Third-Party Complaint and to Add Party Instanter filed by the Defendants, Shell Oil Company and Equilon Enterprises, LLC, on April 21, 2006 (Doc. 59), and the Motion for Continuance of Settlement Conference filed by Shell Oil Company and Equilon Enterprises, LLC on April 21, 2006 (Doc. 60).  For the reasons set forth below, the motion to amend the scheduling order is **DENIED**, the motion for leave to file third-party complaint is **DENIED IN PART and MOOT IN PART**, and the motion for continuance of settlement conference is **GRANTED**.

BACKGROUND

On August 26, 2005, this matter was removed from state court by the Defendants, Tosco Corporation and Conoco Phillips.  On September 7, 2005, District Judge Michael J. Reagan placed this matter on Track B and set a Final Pretrial Conference for September 15, 2006 and a presumptive trial month of October, 2006.  A scheduling order was entered which set the discovery deadline, June 9, 2006, the dispositive motion filing deadline, June 23, 2006, and the settlement conference date, May 3, 2006 (Doc. 21).

On October 7, 2005, a third-party, Liquid Transport Corporation, who was the Plaintiff's

employer, filed an intervenor complaint which claimed a lien against any recovery paid to the Plaintiff. This intervenor complaint, which was construed as a motion, was denied for failure to comply with Federal Rule of Civil Procedure 24. Liquid Transport's second attempt to intervene also was denied for reasons set forth in a January 11, 2006 order (Doc. 46). In the meantime, the Plaintiff filed an amended complaint which added a new defendant, Equilon Enterprises, LLC, on January 9, 2006. This new Defendant filed a motion to dismiss on March 3, 2006 (Doc. 55).

### DISCUSSION

**Motion to Amend Scheduling Order**

In this motion, the Plaintiff only seeks an extension to disclose experts as he "has not had sufficient time" to do so prior to the deadline. The motion further indicates that "both" Defendants have no objection to such an extension. As there are four Defendants, it is unclear which Defendants the Plaintiff is referring to. In any event, and notwithstanding the specific relief requested in the motion, the proposed amended scheduling order would extend *all* of the deadlines in this case by over two months. Thus, the Plaintiff's expert disclosures, originally due on March 1, 2006, would be extended to June 21, 2006 and the discovery deadline would be extended to August 1, 2006. Such an extension would necessitate a resetting of the presumptive trial month to December, 2006.

Federal Rule of Civil Procedure 16 provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of" Court. As this motion was made after the relevant deadline, Rule 6(b) further states that such a motion may be granted if there is a showing of "excusable neglect." The Plaintiff has shown neither good cause nor excusable neglect. The Plaintiff only asserts that he has not had "sufficient time" and that Defendant

Equilon Enterprises was added at the same time that his expert disclosures were due. There is no explanation of why, after filing this lawsuit (in state court) on July 19, 2005, the Plaintiff has had insufficient time to disclose experts or why the mere addition of a single Defendant in January is a reason to not disclose experts within the time permitted.[1] In addition, the Plaintiff has not indicated why he waited a month after the deadline to file this motion. As the Plaintiff has failed to meet his burden, this motion must be **DENIED**.[2]

**Motion for Leave to File Third-Party Complaint**

The Defendants, Shell Oil Company and Equilon Enterprises, seek to file a third-party complaint against Liquid Transport in order to enforce a defend and indemnify provision of a contract. In their motion, these Defendants assert that they sought, by letter, defense and indemnification on March 13, 2006 and were denied the same by letter dated March 31, 2006.

Federal Rule of Civil Procedure 14(a) provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff.

Leave of court is not required if the motion is filed "not later than 10 days after serving the original answer." No answer has been served by either Shell Oil Company or Equilon

---

[1] The Court hastens to add that Equilon Enterprises, in documents filed, lists itself as "Equilon Enterprises LLC *d/b/a Shell Oil Products US*" and is represented by the same counsel as Shell Oil Company. It appears, then, that both companies are related.

[2] In addition, the deadlines provided by the parties in a proposed amended scheduling order would extend almost all of the deadlines in this case. Even if the Court were to extend the Plaintiff's expert disclosure deadline, which is the *only* deadline mentioned in the motion, it would necessitate an extension of every other deadline in the case that follows, including the Defendants' expert disclosure deadlines.

Enterprises. Rather, each of these Defendants have filed motions to dismiss on October 5, 2005 (Shell), January 30, 2006 (Shell), and March 3, 2006 (Equilon). Therefore, it would appear that leave of court is not required for these Defendants to file a third-party action and this motion is unnecessary.

However, this case also is governed by a scheduling order which set January 3, 2006 as the deadline for third-party actions.[3] This deadline is binding on Shell Oil Company and it has offered absolutely no reason, that would indicate excusable neglect or good cause, for extending the deadline. Shell Oil Company has offered no reason as to why it waited until March, 2006 to determine whether Liquid Transport would defend and indemnify it. However, as Equilon Enterprises was served after the scheduling order was entered and after the January 3, 2006 deadline, it would not be equitable to hold it to this particular deadline. In addition, as the claims against Liquid Transport by Shell Oil Company and Equilon Enterprises are identical, it would seem to make little sense to allow Equilon Enterprises to file a third-party complaint while at the same time preventing Shell Oil Company from filing the same third-party complaint. Nonetheless as Shell Oil Company has offered no reason to extend this deadline with respect to its claims against Liquid Transport, the motion to file a third-party complaint with respect to Shell Oil Company is **DENIED**. However, the motion is **MOOT** with respect to Equilon Enterprises.

Equilon Enterprises is cautioned, though, that while it is not prevented from filing a third-party complaint, the District Court reserves discretion to strike or sever the third-party complaint

---

[3] Rule 16 provides that the Court may enter a scheduling order which limits the time "to join other parties and to amend the pleadings."

if it will necessitate a continuance of the trial date.  Each of the parties in this case have had ample opportunity and time to determine their liability (if any) vis-a-vis Liquid Transport.  The Court is also mindful that Liquid Transport has attempted to intervene twice and may, upon the serving of a third-party complaint, file counter or cross-claims that will multiply these proceedings and result in delay.  The District Court's trial date and, consequently, the discovery deadline and dispositive motion filing deadline, are firm and will not be continued as the District Court's trial calender is full until 2008.

**Motion to Continue Settlement Conference**

This motion is **GRANTED**.  The settlement conference is **RESET** to **August 18, 2006 at 9:00 a.m.**  The requirements outlined in the Order and Notice of Settlement Conference (Doc. 22) and the provisions on this Court's webpage remain in effect.

CONCLUSION

For the foregoing reasons, the Motion to Amend Scheduling and Discovery Order filed by the Plaintiff, Michael Jones, on March 31, 2006 is **DENIED** (Doc. 58), the Motion for Leave to File Third-Party Complaint and to Add Party Instanter filed by the Defendants, Shell Oil Company and Equilon Enterprises, LLC, on April 21, 2006 is **DENIED IN PART** with respect to Shell Oil Company and is **MOOT IN PART** with respect to Equilon Enterprises (Doc. 59), and the Motion for Continuance of Settlement Conference filed by Shell Oil Company and Equilon Enterprises, LLC on April 21, 2006  is **GRANTED** (Doc. 60).

**DATED: April 26, 2006**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**