IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0622-MJR |
| | ) | |
| SHELL OIL COMPANY, | ) | |
| CONOCOPHILLIPS, | ) | |
| and EQUILON ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER REGARDING EQUILON
ENTERPRISES, LLC'S MOTION TO DISMISS COUNT IV
OF THE FIRST AMENDED COMPLAINT (DOC. 55)**

**REAGAN, District Judge:**

**A. Factual and Procedural History**

On January 9, 2006, Plaintiff Michael Jones filed with this Court his First Amended Complaint against several defendants: Shell Oil Company, Tosco Corporation, ConocoPhillips Company, and Equilon Enterprises, LLC ("Equilon") (*See* Doc. 45). In Jones' four separate Counts – each directed at one of the four named defendants – Jones asserts negligence causes of action with respect to injuries he alleged sustained at "Wood River Refinery." Subsequent to Jones' filing of his First Amended Complaint, this Court dismissed Count II and defendant Tosco Corporation from this matter (*See* Doc. 67).

Now before the Court is defendant Equilon's motion to dismiss Count IV of the First Amended Complaint (Doc. 55).

**B. Standard of Review**

Equilon's motion to dismiss is premised upon **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a

1

claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. ***Hishon v. King & Spalding,*** **467 U.S. 69, 73 (1984);** ***Thompson v. Ill. Dep't of Prof. Regulation,*** **300 F.3d 750, 753 (7th Cir. 2002).** Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Mattice v. Memorial Hosp. Of South Bend, Inc.,*** **249 F.3d 682, 684 (7th Cir. 2001), citing** ***Conley v. Gibson,*** **355 U.S. 41, 45-46 (1957). Accord *Hishon*, 467 U.S. 69, 73 (Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").**

"Federal complaints plead *claims* rather than facts." ***Kolupa v. Roselle Park Dist.,*** **438 F.3d 713, 714 (7th Cir. 2006).** Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain ... English, of the legal claim." ***Kirksey v. R.J. Reynolds Tobacco Co.,*** **168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).** "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." ***Kolupa,*** **438 F.3d at 714.** "A full narrative is unnecessary." ***Id.***; *see also, e.g., Swierkiewicz v. Sorema N.A.,* **534 U.S. 506 (2002);** ***McDonald v. Household International, Inc.,*** **425 F.3d 424, 427-28 (7th Cir. 2005);** ***Bartholet v. Reishauer A.G. (Zurich),*** **953 F.2d 1073, 1077-78 (7th Cir. 1992).** Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." ***Duda v. Board of Education of Franklin Park Public School District No. 84,*** **133 F.3d 1054, 1057 (7th Cir. 1998).**

C. <u>Analysis</u>

Equilon argues that Jones' claim against it must fail because Jones "fails to allege any

2

facts indicating ownership, control or maintenance of the premises by Equilon at the time of the alleged injury" (Doc. 55, p.2). The Court acknowledges that Jones' complaint is silent regarding *specific* facts that might show Equilon's ownership of the Wood River Refinery or Equilon's liability in tort. However, on a motion to dismiss, "silence is not a concession ..., [s]ilence is just silence and does not justify dismissal ...." *Kolupa,* **438 F.3d at 715.** "[C]omplaints need not narrate events that correspond to each aspect of the applicable rule ...." *Id.* **at 714.** "When dealing with complaints ... judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations." *Id.* **at 715.**

Viewing Count IV in this manner, the Court finds that the factual allegations Equilon finds lacking from Jones' claim – specific facts indicating ownership, control or maintenance by Equilon, or specific facts showing Equilon's liability in tort – "could be shown consistent with the [other] allegations" in Count IV.

Moreover, this Court fails to see how Jones' complaint evidences that Jones "misconstrues the doctrine of pleading in the alternative" (Doc. 56, p. 3). **FEDERAL RULE OF CIVIL PROCEDURE 8(e)(2)** allows "a party to set forth two or more statements of a claim ... alternately or hypothetically; ... [a] party may also state as many separate claims or defenses as the party has regardless of consistency ...." **FED. R. CIV. P. 8(e)(2).** The Court cannot see how Jones' complaint violates or "misconstrues" this rule.

Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6),** the Court **DENIES** Equilon's motion to dismiss Count IV (Doc. 55).

**IT IS SO ORDERED.**

DATED this 12th day of June, 2006.

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**